KLEES, Judge.
This appeal arises from a judgment ordering a partition by licitation of two lots and their improvements owned in indivisión by the plaintiff-appellee and the defendants-appellants. The issues presented on appeal center on whether the trial court erred in ordering a partition by licitation of the properties in question.
Suit was brought by the plaintiff, Mary Barra Julien, as administratrix of the succession of George E. Julien, to partition two immovable properties in which the succession owns a one-half interest. Defendants, George A. Julien and Dennis J. Julien, sons of the decedent, each own a one-fourth interest in the properties involved. The properties which the plaintiff sued to have partitioned by licitation are two lots within the City of New Orleans described as (1) one lot measuring 30.8.1 feet front on Jourdan Street, same width in the rear, by a depth between equal and parallel lines of 110 feet, the improvements on which bear the municipal number 1741-43 Jourdan Street, and (2) one lot measuring 31 feet front on Alabo Street, similar width in the rear, by a depth of 122.20 feet between equal and parallel lines, the improvements on which bear the municipal number 1708-10 Alabo Street.
The trial court, finding that the two properties could not be conveniently divided in kind, ordered that the properties be partitioned by licitation, i.e., sold at a public auction and the proceeds distributed accordingly. The judgment, signed by Judge Revius Ortique of the Civil District Court for the Parish of Orleans, was rendered on November 2, 1984. Appeal to this court was then taken by the defendants, George A. Julien and Dennis J. Julien.
Appellants contend that the trial court should have ordered a partition in kind of the two properties, instead of a partition by licitation. Generally, the law favors partition in kind. LSA-C.C.P. art. 4606; National American Bank of New Orleans, v. Cleveland, 273 So.2d 848 (La.App. 4th Cir.1973), writ denied 276 So.2d *817 701 (La.1973). Only if the property by its nature is indivisible or cannot be conveniently divided, does the law allow partition by licitation. LSA-C.C. art. 1339, LSA-C. C.P. art. 4606, Murdock v. Cordova, 180 So.2d 550 (La.App. 3rd Cir.1965); Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir.1983).
Property cannot be conveniently divided when the division would result in a diminution of its value, or loss or inconvenience to one of the owners. LSA-C.C. art. 1340, Murdock v. Cordova, supra. The party seeking the partition by licitation bears the burden of proving that the property is indivisible by nature or cannot be conveniently divided. National American Bank of New Orleans v. Cleveland, supra. As in Cleveland supra, which is similar in its factual situation, we conclude that the plaintiff has not borne the burden of proving that a partition by licitation is necessary
In the case at bar, there are two pieces of property involved, two lots, each with a double house. The lot and house on Jourdan Street is valued at $30,000.00. The lot and house on Alabo Street is valued at 32,500.00. (See the Sworn Descriptive list filed by the plaintiff). Plaintiff contends that each lot and house separately, is indivisible by nature. Plaintiff further argues that the properties cannot be conveniently divided as the plaintiff owns a one-half interest in each of the properties, and each of the defendants owns a one-fourth interest in each of the properties. However, the defendants have chosen to combine their interest for partition purposes. Thus, the plaintiff has a one-half interest in both properties and the defendants have ⅛ interest in both properties. The properties now may be conveniently partitioned in kind.
In Simon v. Simon, 421 So.2d 931, 934 (La.App. 4th Cir.1982), writ denied, 423 So.2d 1181 (La.1982). Court reversed a partition by licitation of two immovables owned in indivisión by the two parties. The court stated that while each immovable alone is indivisible in kind, so long as the co-owners have equal interests, the two immovable properties could be partitioned in kind.
To effect a partition in kind, the property must be divided into lots of equal or nearly equal value. Tri-State Concrete Co., Inc v. Stephens, 406 So.2d 205, 207 (La.1981). In the present case, the two properties have a difference in value of $2,500.00. “When lots are of unequal value, the inequality is compensated for by the return of money which the owner of the more valuable parcels pays his co-owner.” Maddox v. Percy, 351 So.2d 1249 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1336 (La.1978). Thus, whichever party draws the more valuable property will be required to compensate the other party for the difference in the value of the property.
Accordingly, the trial court’s judgment ordering a partition by licitation is set aside, and this matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are to be divided equally between the parties.
SET ASIDE AND REMANDED.