707 So.2d 161 (1998)
DEVCO INCORPORATED, Plaintiff-Appellee,
v.
Herbert Leon RICHEY, and Peggy Suzanne Bennett, Defendant-Appellant.
No. 30319-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1998.
Rehearing Denied April 2, 1998.
*162 William D. Dyess, New Orleans, for Defendant-Appellant.
Jack R. Gamble, Jr., Mansfield, for Plaintiff-Appellee.
Before BROWN, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
Plaintiff, Devco Incorporated, filed this suit against the defendants, Herbert L. Richey and Peggy S. Bennett, requesting a partition by licitation of an 80-acre tract of land situated in DeSoto Parish. Defendants appeal the trial court's judgment in favor of the plaintiff ordering a partition by licitation of the property. For the following reasons, the judgment is reversed and the case is remanded to the trial court for further proceedings.

FACTS
The property in question was originally owned by Dan H. Bailey, who bequeathed the property to his friend, H.B.Richey and Richey's wife, Peggy Richey LaBeaux. Subsequently, LaBeaux remarried and sold her one-half interest in the property to George and Frances Brasher. Thereafter, the Brashers sold their interest to Albert and Nannette Martinez, who eventually sold their one-half interest to the plaintiff, Devco Incorporated. Defendants, the children of H.B. Richey and Peggy LaBeaux, inherited Richey's one-half interest upon his death, each receiving a one-fourth interest.
Plaintiffs filed suit to have the property partitioned by licitation alleging that a co-owner, Peggy Bennett was an absentee. They also alleged that the property was not divisible in kind. After trial, the trial court ordered that the property be partitioned by licitation. Defendants appeal.

DISCUSSION

Assignment of Error No. 1
Defendants argue that the trial judge erred in finding that Peggy Bennett was an "absentee" pursuant to LSA-C.C.P. art *163 5251.[1] When one of the co-owners of property sought to be partitioned is an absentee, the partition may be effected by licitation, whether the property is divisible in kind or not. LSA-C.C.P. art. 4621; LSA-C.C.P. art. 4625; Munsterman v. Crawford, 532 So.2d 264 (La.App. 3rd Cir.1988). However, LSA-C.C.P. art. 4630 is an exception to Articles 4621 and 4625. Under Article 4630, if the property sought to be partitioned is divisible in kind, and the defendant timely answers through counsel of his own selection and prays therefor, the court shall render judgment ordering the partition to be made in kind.
The record reflects that after plaintiff filed the instant petition, Bennett, through both her court appointed counsel and her retained counsel, answered the petition and requested that the property be partitioned in kind. Consequently, if the property is divisible in kind, Bennett's answer and prayer gives her the right to a partition in kind. Walker v. Gudac, 280 So.2d 277 (La.App. 2d Cir.1973). Thus, the trial court erred in concluding that the law required a partition by licitation of the property because Bennett was an absentee.

Assignment of Error No. 2
In their second assignment of error, defendants contend that the trial court erred in finding that the property was not divisible in kind. They contend that the land can be divided into two 40-acre tracts which are roughly equal in value.
Generally, the law favors partition in kind unless the property is indivisible by nature or cannot conveniently be divided. LSA-C.C.P. art 4606; Simpson v. Baker, 29,090 (La.App.2d Cir. 1/22/97), 687 So.2d 1079; Welch v. Zucco, 27,634 (La.App.2d Cir. 12/6/95), 665 So.2d 697; Succession of Julien v. Julien, 482 So.2d 815 (La.App. 4th Cir. 1986). Property cannot be conveniently divided when the division would result in a diminution of its value, or loss or inconvenience to one of the owners. The party seeking the partition by licitation bears the burden of proving that the property cannot be divided in kind. Birdwell v. Jeffery, 486 So.2d 1094 (La.App. 2d Cir.1986); Succession of Julien v. Julien, supra.
The court shall decree a partition in kind when the thing held in indivision is susceptible to division into as many lots of nearly equal value as there are shares or roots and the aggregate value of all the lots is not significantly lower than the value of the property in the state of indivision. Simpson v. Baker, supra; Munsterman v. Crawford, supra. When lots are of unequal value, the inequality is compensated for by the return of money which the owner of the more valuable parcel pays to his co-owner. Succession of Julien, supra.
In the instant case, the 80-acre tract of land is 440 yards wide east to west and 880 yards deep north to south. The only access to the land is a road on the north end of the property. A small house is located on the west end of the property. The uncontradicted testimony at trial indicates that the house was appraised for estate purposes and was valued at approximately $6,000. Steven Muslow, plaintiff's expert in the field of forestry, estimated that the property contained ten to fifteen acres of timber valued at approximately $32,000. The timber is scattered throughout the property with most of it being located near the house. The remainder of the property is open pasture land.
Plaintiff argues that because of the location of the house and the timber, the property cannot be equally divided. As stated above, the record reveals that a substantial amount of the timber is located in the vicinity of the house. According to plaintiff, the party awarded the parcel that includes the house will gain an advantage. Plaintiff also argues that the house has not been formally appraised and without a formal appraisal, a *164 determination cannot be made regarding an amount to award the disadvantaged party.
The defendants have agreed to combine their interests in the property, thus creating a shared one-half interest in the property. Since the parties will have equal interests, the property can be divided into two parcels. The division of the property with a north to south boundary would create two tracts with accessibility to the road for egress and ingress purposes.
Contrary to plaintiff's argument, it is possible to determine an amount to award the disadvantaged party in order to achieve equality. Once the value of each parcel has been determined, the focus turns to the amount of the difference in value of each parcel. The party who is awarded the more valuable parcel must compensate the co-owner with an amount that would make the parcels equal or nearly equal in value. Here, for example, if there are two parcels, equality can be gained by conveying an amount that equals one-half of the total difference in value of the two parcels to the disadvantaged co-owner.
According to the testimony at trial, except for some infrequent recreational use by the defendants, the property is presently being used to raise cattle and to harvest hay. George Brasher, the administrator of Dan Bailey's estate, testified that he, in the past year, has tendered approximately eighty dollars to the defendants for the hay that he removed from the property. Defendants testified that their future plans for the property include constructing a camp site. Robert Bennett, Peggy Bennett's son, testified that he is currently making repairs to the house to provide a place for family members to sleep during their hunting trips on the property. Plaintiff's forestry expert testified that the highest and best use of the property is for timber cultivation.
In its judgment, the trial court concluded that the property is not divisible in kind because such a division would diminish the value of the whole. The testimony presented at trial does not support this conclusion. Consequently, plaintiff has not borne its burden of proving that a partition by licitation is necessary. Based on this record, we must conclude that the trial court was clearly wrong in finding that the land was not susceptible to a partition in kind. Neither the physical characteristics of the property, nor the actual or proposed use of the property, render it unsusceptible to a partition in kind. Despite plaintiff's argument, the issue is not whether one large tract of land is "preferable" to two smaller tracts. The primary issue for the court is whether, under the facts of this case, the property can be conveniently divided into tracts of relatively equal value in accordance with law.

CONCLUSION
The plaintiff has failed to satisfy its burden of proving that the property is indivisible by nature or cannot be conveniently divided. Therefore, based on this record, the trial court was clearly wrong in concluding that the property is indivisible in kind and that to partition the property in kind would diminish the value of the whole.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the district court for the purpose of effecting a partition in kind in accordance with law. Costs of this appeal are assessed to the plaintiff, Devco Incorporated.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, WILLIAMS, STEWART and PEATROSS, JJ.
Rehearing denied.
NOTES
[1] LSA-C.C.P. art 5251 provides that an "absentee" is a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for service of process in this state; or who cannot be found and served after diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.