784 So.2d 685 (2001)
Bernadette CAHILL, Plaintiff-Appellee,
v.
David KERINS, Defendant-Appellant.
No. 34,522-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
*686 McKeithen Law Offices, by Bruce B. McKeithen, Monroe, Counsel for Appellant.
Loomis & Dement, by Albert E. Loomis, III, Monroe, Counsel for Appellee.
Before BROWN, GASKINS & PEATROSS, JJ.
PEATROSS, J.
In this partition action, Defendant, David Kerins, appeals the judgment of the trial court ordering partition by licitation of the home co-owned by the parties and *687 holding that each party was entitled to one-half the fair market value of the home less the outstanding mortgage balance. In addition, after applying the value of Mr. Kerins' enjoyment of the home as its exclusive occupant, the trial court concluded that the credit due him for mortgage payments and maintenance and repair expenses was zero. For the reasons stated herein, we amend the judgment in part and, as amended, affirm.

FACTS
Bernadette Cahill and David Kerins maintained a relationship from the late 1970s until approximately Memorial Day of 1996. When the parties separated, they were domiciled in Ouachita Parish, Louisiana. Ms. Cahill and Mr. Kerins were never married. The parties have co-owned a home on Elmwood Drive in Monroe ("the home"), the subject of the instant appeal, since 1991 and have been co-mortgagors on the home since 1996.[1]
On March 20, 1998, Ms. Cahill filed a Petition for Partition of Jointly Owned Property (the home). She sought partition by licitation, averring that the home was not susceptible to division in kind. Mr. Kerins answered and, by way of reconventional demand, alleged that the parties, as a partnership, co-owned additional assets (including automobiles, an airplane and other movable property) and debts and that the properties were susceptible to division in kind. Mr. Kerins sought reimbursement for the "partnership" debts he had paid. Ms. Cahill filed an Exception of Vagueness to the Reconventional Demand which, after argument, was overruled by the trial court. Ms. Cahill's answer to Mr. Kerins' reconventional demand admitted co-ownership of the home and that both parties were obligated for the mortgage payments. She further alleged that any additional co-owned property had been liquidated and pled the affirmative defense of transaction and compromise as to any claims regarding distribution of the property or division of debt, specifically denying that any written partnership had been formed between herself and Mr. Kerins. In October 1999, Ms. Cahill filed an Amended and Supplemental Petition for Partition of Jointly Owned Property, wherein she alleged that, if the trial court found that a partnership existed, then there were additional assets which were jointly owned and should be divided equally. These additional assets included a retirement plan, a Keogh plan, two automobiles and bank accounts in Ouachita Parish and Canada. She further alleged that Mr. Kerins had denied her access to the home and should, therefore, be solely responsible for any maintenance costs for the home. In a pretrial statement, Mr. Kerins withdrew his allegations that the parties had created a partnership. The matter was tried on December 20, 1999.
The testimony at trial revealed that Mr. Kerins has had exclusive occupancy of the home since the parties separated in May 1996. Ms. Cahill made no mortgage payments on the home after moving out in May 1996. The amount refinanced in January 1996 was $80,250 and the payments have varied between $800 and $817 per month. The balance on the loan as of trial was $67,000. Finally, the parties stipulated that, had he testified, real estate expert Robert Horton would have set a reasonable rental value of the home at $850 to $900 per month.

ACTION OF THE TRIAL COURT AND APPLICABLE LAW
Since the parties were never married, the division of property is governed by the *688 articles of the Civil Code dealing with the newly enacted title on "Ownership in Indivision." Article 797 defines ownership in indivision as ownership of the same thing by two or more persons. The following are additional articles relevant to this appeal.
Article 806, Expenses of maintenance and management, provides:
A co-owner who on account of the thing held in indivision has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their shares.
If the co-owner who incurred the expenses had the enjoyment of the thing held in indivision, his reimbursement shall be reduced in proportion to the value of the enjoyment.
Article 807 gives each co-owner the express right to judicial partition of the co-owned property. Article 810, below, requires the court to partition in kind when possible:
The court shall decree partition in kind when the thing held in indivision is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision.
Article 811 goes on to state:
When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares.
First, the trial court found that Ms. Cahill did not make a formal demand for co-occupancy and, therefore, was not entitled to fair rental value of the home. This finding has not been made an issue on appeal.[2] Second, applying the above articles, the trial court found that, from May 1996 to December 1999, Mr. Kerins made mortgage payments totaling $36,498.66. The trial court concluded, therefore, that Mr. Kerins was entitled to reimbursement from Ms. Cahill for one-half of that amount, or $18,249.33, subject, however, to reduction in proportion to the value of Mr. Kerins' enjoyment. The trial court further found that the value of Mr. Kerins' enjoyment was "at the very least" one-half of the fair rental value of $850 per month for approximately 45 months, for a total of $19,125. Since the value of his enjoyment exceeded the value of the mortgage payments attributable to him, the trial court awarded Mr. Kerins no reimbursement for mortgage payments. Next, the trial court found that Mr. Kerins was entitled to reimbursement of one-half of the expenses *689 incurred for maintenance which totaled $12,119.07, or $6,059.54, again subject to reduction for the value of his enjoyment. Finding that his reimbursement was totally offset by his enjoyment, the trial court awarded Mr. Kerins no reimbursement for maintenance of the home. Finally, the trial court applied article 811 and ordered partition by licitation with the parties to divide the proceeds equally.

DISCUSSION

Partition in kind or by licitation
Mr. Kerins argues that the broad discretion afforded the trial court would have permitted it to order partition in kind rather than partition by licitation. He suggests that the trial court should have recognized the preference for partition in kind under La. C.Civ. P. art. 4606[3] and awarded sole ownership to Mr. Kerins with Ms. Cahill receiving the benefit of her half of the equity, subject to lawful credits. On the other hand, Ms. Cahill argues that it is axiomatic that a single family dwelling on one lot is not susceptible to division in kind without destroying the value of the property. We must agree with Ms. Cahill.
Whether immovable property should be divided in kind or by licitation is a question of fact to be decided by the trial court. Marsh Cattle Farms v. Vining, 30,156 (La.App.2d Cir.1/23/98), 707 So.2d 111, writ denied, 98-0478 (La.4/24/98), 717 So.2d 1167. Our review of the trial court's findings, therefore, is governed by the manifest error standard of review. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id. Under the manifest error standard, the linchpin is whether the trial court's findings are reasonable; in other words, if there is a reasonable factual basis for the trial court's finding, even if the appellate court feels its own evaluation of the evidence is more reasonable, the trial court's findings cannot be reversed. Lewis v. State, Through the Department of Transportation and Development, 94-2370 (La.4/21/95), 654 So.2d 311.
Civil Code article 807 gives each co-owner the right to demand partition of co-owned property. Article 809 provides that, if the parties cannot agree on the mode of partition, a co-owner may demand judicial partition. We agree with Mr. Kerins that there is a preference for partition in kind. The general rule is that partition in kind is favored over partition by licitation; and, unless the property is indivisible by nature or cannot be conveniently divided, the court shall order the partition to be in kind. La. C.C. art. 810; La. C.C.P. art. 4606; Marsh Cattle Farms, supra; Devco, Inc. v. Richey, 30,319 (La.App.2d Cir.2/25/98), 707 So.2d 161. When, however, the thing held in indivision is not susceptible to partition in kind, "the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their share." La. C.C. art. 811. Property cannot be conveniently divided when a diminution of its value, or loss or inconvenience of one of its owners would be the consequence of dividing it. La. C.C. art. 811; Marsh Cattle Farms, supra; Devco Inc., supra; Birdwell v. Jeffery, 486 So.2d *690 1094 (La.App. 2d Cir.1986). Whether and how property is partitioned is fact-specific, considering such factors as the natural characteristics of the land, size of a tract, presence or absence of public road access, number of owners in indivision, and existence of any contamination. Pugh v. NPC Services, Inc., 97-2360 (La.App. 1st Cir.11/6/98), 721 So.2d 1056, writ denied, 98-3052 (La.2/5/99), 738 So.2d 4. The burden of proof is on the party seeking partition by licitation. Marsh Cattle Farms, supra; Devco, Inc., supra; Birdwell, supra. Where the record reflects clearly that the property cannot be divided in kind, there is no necessity to require additional testimony to that effect. McElwee v. McElwee, 255 So.2d 883 (La.App. 2d Cir.1971), application denied, 260 La. 861, 257 So.2d 434.
We conclude that the home in the present case was not susceptible to partition in kind and could not be conveniently divided; therefore, the trial court did not err in ordering partition by licitation with the proceeds therefrom to be split equally between Mr. Kerins and Ms. Cahill.[4] The home is a single dwelling situated on one residential lot. There simply is no in kind division of this type of property that would not seriously diminish the property value.
Alternatively, Mr. Kerins argues that the trial court had the power to award him ownership of the home with Ms. Cahill receiving one-half of the equity in the home, subject to lawful credits. As Ms. Cahill points out, however, article 811 states that the court "shall" order partition by licitation when the thing held in indivision is not susceptible to division in kind. The remedy Mr. Kerins seeks is not an option for the trial court under the codal articles applicable to ownership in indivision. Moreover, the Civil Code articles governing ownership in indivision were enacted specifically to apply to situations like we have in this case, i.e ., co-ownership of property. Mr. Kerins' argument sounds in equitable distribution of assets and liabilities between spouses. Since the parties were never married, however, the statutory rules governing the division and allocation of assets and liabilities of spouses are simply not applicable.

Mortgage payments and offset for value of enjoyment
The trial court concluded that Mr. Kerins was entitled to one-half of the mortgage payments made by him after the parties separated, but also concluded that that sum was subject to an offset for his enjoyment of the property as its exclusive possessor. We find no error in the conclusion that Mr. Kerins is entitled to one-half of the mortgage payments, or $18,249.33. Clearly, Ms. Cahill was a co-mortgagor and admits in her pleadings that she is responsible for her share of the mortgage. It was error, however, to subject that sum to an offset for the value of Mr. Kerins' enjoyment.
Both parties recognize, as did the trial court, that the jurisprudence interpreting and applying the code articles on ownership in indivision is scarce. There is, however, one case that has dealt with this very issue, i.e., whether a credit for mortgage payments made by one co-owner is a "necessary expense" or "necessary management expense paid to a third person" as contemplated by article 806 such that the credit would be subject to a reduction in proportion to the value of his enjoyment of the home. In Roque v. Tate, 93-389 (La. App. 5th Cir.2/9/94), 631 So.2d 1385, writ *691 not considered, 94-0625 (La.4/29/94), 637 So.2d 457, Ms. Rogue filed an action to partition community property after termination of the community property regime. In such cases, the principles governing co-ownership apply to former community property. La. C.C. art. 2369.1. Ms. Rogue argued that, under article 806, the reimbursement due Mr. Tate for mortgage payments made by him was subject to reduction for the value of his enjoyment because he had lived in the home "rent-free" while she had paid rent elsewhere. The court found Ms. Rogue's reliance on article 806 to be misplaced, holding that a mortgage is not an expense within the meaning of that article, but, rather, is a "nonpossessory right created over property to secure the performance of an obligation." La. C.C. art. 3278. The court in Roque pointed out that the mortgage was not incurred by Mr. Tate, but was an obligation that attached against both parties at the moment of sale. Similarly, in the case sub judice, both parties are obligated on the mortgage. A mortgage payment is not an expense incurred by Mr. Kerins as contemplated by article 806; therefore, the reimbursement to which he is entitled for his payment of the monthly mortgage notes is not subject to reduction. Accordingly, the portion of the judgment which reduces Mr. Kerins' entitlement to one-half of the mortgage payments, or $18,249.33, by the value of his enjoyment (calculated by the trial court to be $19,125) is amended to delete the reduction. In summary, Mr. Kerins is entitled to reimbursement of the full $18,249.33.

Maintenance expenses and offset for value of enjoyment
Mr. Kerins introduced evidence of repair and maintenance expenses totaling $12,119.07. The trial court found, and we agree, that, under article 806, he is entitled to reimbursement of one-half of that amount, or $6,059.54. Article 806 further provides that, if the person who incurred such expenses had the enjoyment of the thing, reimbursement for the expenses shall be reduced in proportion to the value of enjoyment. In this case, the trial court used the monthly rental value of the home as a means of calculating the value of Mr. Kerins' enjoyment of the home. Mr. Kerins had exclusive occupancy of the home for 45 months. Recall that the approximate monthly rental value of the home was $850 to $900. The trial court, therefore, reduced Mr. Kerins' reimbursement for maintenance expenses by $19,125 (45 months × $425 or one-half of $850, the estimated rental value per month). The result is a negative amount meaning that the maintenance expenses were totally offset by the value of Mr. Kerins' enjoyment of the home; and, therefore, he receives no reimbursement for expenses. We can find no error in this portion of the trial court's judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended to credit Defendant, David Kerins, $18,249.33 representing one-half of the mortgage payments made by him after the parties separated. In all other respects, the judgment of the trial court is affirmed. Costs are assessed equally to the parties.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Mr. Kerins had donated an undivided one-half interest in the home to Ms. Cahill.
[2] Ms. Cahill neither appealed nor answered the appeal challenging the trial court's denial of reimbursement for monthly rental value of the home. We do note that Ms. Cahill may have been entitled to reimbursement for the monthly rental value had she made formal demand for occupancy and been refused. See McCarroll v. McCarroll, 96-2700 (La.10/21/97), 701 So.2d 1280; Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (La.1955). The trial court made the factual finding that such demand was not made, therefore, Ms. Cahill was not entitled to reimbursement for monthly rental value. We note, however, that had Ms. Cahill satisfied the requirements of McCarroll, supra, and Juneau, supra, her reimbursement for monthly rental value would have likely been at least the same, if not greater than, Mr. Kerins' reimbursement for his payment of the monthly mortgage payments. The monthly rental payment reimbursement would not have been treated as an offset per se under the codal articles, but would have likely had the same practical effect.
[3] Article 4606 states:

Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind.
[4] The mortgage burdening the home attaches to the co-owners' shares of the proceeds following the sale. La. C.C. art. 815. As previously stated, the outstanding balance on the mortgage was $67,000 at the time of trial.