952 So.2d 775 (2007)
Charles Marion SAMPOGNARO, Plaintiff-Appellee-Appellant
v.
Patricia Clotile Wilson SAMPOGNARO, Defendant-Appellant-Appellee.
No. 41,664-CA.
Court of Appeal of Louisiana, Second Circuit.
February 14, 2007.
Opinion Granting Rehearing in Part April 11, 2007.
*777 Kenneth Rigby, Shreveport, for Appellant-Appellee, Patricia Clotile Wilson Sampognaro.
Robert S. Tew, Robert P. McLeod, Jr., Monroe, for Appellee-Appellant, Charles Marion Sampognaro.
Before WILLIAMS, CARAWAY and SEXTON (Pro Tempore), JJ. BROWN, WILLIAMS, STEWART, CARAWAY and SEXTON (Pro Tempore), JJ.
WILLIAMS, Judge.
The plaintiff, Charles Sampognaro, appeals that part of the trial court judgment ordering him to pay child support of $5,500 per month "inclusive of and less" any payments he may make to third parties for "extraordinary expenses" of the children. The defendant, Patricia Sampognaro, appeals the trial court's failure to state in the judgment that the list of such expenses is exclusive and that plaintiff must provide defendant with an accounting of such payments. In addition, defendant appeals that part of the judgment ordering that her one-half interest in the co-owned land is subject to a reimbursement of $284,873 to plaintiff. For the following reasons, we amend and affirm as amended.

FACTS
The parties were married in June 1989 and two sons were born of the marriage. Prior to their marriage, the parties executed a matrimonial contract and prenuptial agreement, which established a separation of property regime rather than one of community property. In May 1997, the plaintiff donated to the defendant an undivided one-half ownership interest in a tract of land located on Deborah Drive in Monroe, Louisiana ("Deborah Drive tract"), on which the marital home was built. The parties executed a mortgage and promissory note to obtain a portion of the construction funds. The plaintiff spent additional funds for construction and maintenance of the house and paid the monthly mortgage payments. On February 1, 2003, the parties *778 separated. Plaintiff has exercised the exclusive use of the Deborah Drive property since that time. In July 2004, a judgment of divorce was rendered.
Subsequently, the plaintiff filed a petition to partition the Deborah Drive tract seeking reimbursement for funds which he spent with respect to the co-owned land for mortgage payments, property taxes and insurance, maintenance, repairs and construction costs. In April 2005, the trial court held a hearing on the issues of child support and partition. The parties had previously agreed to a "shared custody" plan providing for each parent to have physical custody of the minor children on alternating weeks.
The trial court rendered judgment ordering plaintiff to pay child support of $5,500 per month, inclusive of and less any amounts paid by plaintiff to third parties for "extraordinary expenses of the children, including child care, private school tuition, uniforms, tutoring and summer camps." In addition, the trial court partitioned the co-owned property by allocating 100% ownership of the Deborah Drive tract to plaintiff, subject to the outstanding mortgage debt, and finding that the value of defendant's one-half interest in the property was $364,390, subject to the reimbursement amount of $284,873 owed to plaintiff. The judgment ordered plaintiff to pay an equalizing sum of $79,517 to defendant.
Both parties have appealed. Plaintiff contends the child support award of $5,500 per month is excessive in light of the shared custody arrangement. Defendant contends the court erred in awarding plaintiff any reimbursement, in failing to limit direct payments to third parties to those expenses listed in the judgment and failing to require plaintiff to provide an accounting of such payments.

DISCUSSION
The plaintiff contends the trial court erred in ordering him to pay excessive child support of $5,500 per month. Plaintiff argues that the trial court should have applied LSA-R.S. 9:315.9 in calculating the child support obligation because each parent has physical custody of the children for an equal amount of time under their shared custody arrangement.
LSA-R.S. 9:315.19 provides a schedule to be used to determine basic child support. The highest level specified in the schedule is a combined adjusted gross monthly income of $20,000. At that level, for two children, the basic support amount is $2,647. However, LSA-R.S. 9:315.13(B) provides that if the parties' combined adjusted gross income exceeds the highest specified level, the court shall use its discretion in setting the amount of the basic child support obligation in accordance with the best interest of the child and the circumstances of each parent as provided in LSA-C.C. art. 141, but in no event shall the payment be less than the highest amount stated in the schedule.
The overriding factor in determining the amount of support is the best interest of the children. The amount of support should be determined on a case-by-case basis. A parent's ability to pay and the lifestyle that the children would have enjoyed if the parents had not separated are important considerations. Jones v. Jones, 38,790 (La.App. 2d Cir.6/25/04), 877 So.2d 1061; Reeves v. Reeves, 36,259 (La.App. 2d Cir.7/24/02), 823 So.2d 1023. Pursuant to the express language of LSA-R.S. 9:315.13, the district court must use its discretion in setting the amount of the basic child support obligation when the parties' monthly income exceeds the highest figure provided in the schedule, and its *779 judgment will not be disturbed absent an abuse of that discretion. Jones, supra.
In the present case, the plaintiff submitted to the trial court a worksheet purportedly using the child support calculation provided in LSA-R.S. 9:315.9. In his brief, plaintiff argues that the trial court should have used the figures in his worksheet as the basis for setting his child support obligation because of the parties' shared custody arrangement. Section 315.9 defines shared custody as the parents' physical custody of the child for an approximately equal amount of time. The statute provides the mathematical calculation for determining the support obligation of each parent using "Obligation Worksheet B" provided in LSA-R.S. 9:315.20. Lea v. Sanders, 04-762, 04-1122 (La.App. 3rd Cir.12/22/04), 890 So.2d 764.
However, we note that even in a shared custody situation, the calculation of the child support obligation is based on the child support schedule set forth in Section 315.19, as reflected in line five of Worksheet B. As the trial court noted, because the parties' combined monthly income of $37,361 exceeds the highest figure listed in the statutory schedule, the child support amounts in the schedule are not applicable in either a joint or shared custody situation. Rather, pursuant to Section 315.13, the trial court was required to use its discretion to determine the child support obligation based on the best interest of the children and the parents' circumstances.
The district court heard the testimony of the parties concerning the mother's monthly living expenses, the children's standard of living during the marriage and the father's income. In its written reasons for judgment, the court declined to allocate to plaintiff the entire amount of the children's living expenses as sought by the defendant, noting each parent's obligation to support their children and defendant's income. Contrary to plaintiff's contention in his brief, the court specifically considered the shared custody arrangement of the parties in determining the child support award. Based upon this record, we cannot say the trial court abused its discretion in ordering the plaintiff to pay child support of $5,500 per month. The assignment of error lacks merit.
Appeal of Patricia Sampognaro
In two assignments of error, defendant contends the trial court erred in rendering a judgment which failed to specify that the list of extraordinary expenses that plaintiff would pay directly to third parties was exclusive and failed to require plaintiff to provide defendant with an accounting of such payments. After the trial on the issues of child support and partition, the parties were unable to agree on the language to be included in the final written judgment. Consequently, the court held a conference with the parties' attorneys to assist them in preparing the judgment.
At the conference, the court stated its intent that the monthly child support payment of $5,500 would include those extraordinary expenses normally paid by plaintiff during the marriage and which were described in an exhibit as child care, private school tuition, uniforms, tutoring and summer camps. The court indicated that the plaintiff could pay these expenses directly to the third party providers. However, the court instructed plaintiff to provide defendant with a monthly accounting listing the amount of any such direct payments being deducted from the total child support amount, along with the check for the balance owed. Subsequently, the trial court signed a judgment ordering plaintiff to pay defendant child support of $5,500 per month "inclusive of and less all direct payments paid during the course of these proceedings or hereafter paid to third parties by petitioner for extraordinary *780 expenses of the children, including child care, private school tuition, uniforms, tutoring and summer camps, said child support payment to be made on the 25th day of each month beginning January 25, 2006."
After reviewing the record, we conclude that the judgment as written reflects the trial court's intent that those expenses reasonably related to the care, education and recreational activities of the children may be paid directly to third party providers by the plaintiff and deducted from the child support award of $5,500 per month. However, we shall amend the judgment to require plaintiff to provide defendant with a written accounting in any month such third party payments are made.
Partition
In three assignments of error, the defendant contends the trial court erred in awarding plaintiff a reimbursement of $284,873. Defendant argues that LSA-C.C. art. 806 does not authorize reimbursement of plaintiff's mortgage payments and construction expenses.
Initially, we note that because the parties signed a prenuptial agreement establishing a separation of property regime, the division of property is governed by the Civil Code articles concerning ownership in indivision, LSA-C.C. arts. 797-818. Ownership of the same thing by two or more persons is ownership in indivision. The shares of all co-owners are presumed to be equal in the absence of other provisions of law. LSA-C.C. art. 797. A co-owner who because of the thing held in indivision has incurred necessary expenses, ordinary maintenance and repair expenses, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners. LSA-C.C. art. 806. Among solidary obligors, each is liable for his virile portion. If the obligation arises from a contract, the virile portions are equal in the absence of agreement to the contrary. LSA-C.C. art. 1804.
In the present case, the parties jointly executed a mortgage and promissory note to secure funds for construction of a house on the co-owned land. At trial, the defendant acknowledged that she was responsible for her share of the mortgage debt and that plaintiff had made all of the mortgage payments. As defendant points out in her brief, a mortgage payment is not an expense within the meaning of Article 806, but is a non-possessory right created over property to secure the performance of an obligation. Cahill v. Kerins, 34,522 (La. App. 2d Cir.4/4/01), 784 So.2d 685. However, contrary to defendant's contention, the inapplicability of Article 806 does not mean that plaintiff cannot recover reimbursement for one-half of the mortgage payments. Pursuant to Article 1804, the defendant, as a co-debtor under the promissory note, was required to reimburse plaintiff for his payment of defendant's portion of the contract obligation. Thus, the trial court did not err in concluding that plaintiff was entitled to recover one-half of the mortgage payments, or $161,878.
The defendant contends the trial court erred in awarding plaintiff reimbursement of $86,365 in construction expenses. LSA-C.C. art. 804 provides that substantial improvements to the thing held in indivision may be undertaken only with the consent of all co-owners. When a co-owner makes substantial improvements consistent with the use of the property, though without the consent of his co-owners, the rights of the parties shall be determined by LSA-C.C. art. 496. Under Article 496, when constructions or plantings are made by a possessor in good faith, the owner of the immovable is bound to keep them and at his option to pay the possessor *781 either the cost of materials, their current value or the enhanced value of the immovable.
In her brief, defendant argues that the Article 804 reference to reimbursement under Article 496 is not applicable in this case, since the parties consented to the improvements. However, a reading of the Civil Code articles involving co-ownership and the ownership of improvements demonstrates that reimbursement for a co-owner's costs of improvements is the general rule.[1] Additionally, in Franklin v. Franklin, 415 So.2d 426 (La.App. 1st Cir. 1982), the court stated that an owner in indivision of an immovable who is in possession thereof, and who constructs improvements thereon, is entitled to be reimbursed the cost of the materials. Thus, under the circumstances of this case, we cannot say that the trial court erred in allowing plaintiff reimbursement of $86,365 in construction costs.
The defendant also contends the trial court erred in failing to find that the reimbursement for property taxes, insurance and maintenance expenses was subject to an offset for plaintiff's exclusive enjoyment of the co-owned property. LSA-C.C. art. 806 provides that if the co-owner who incurred necessary or maintenance and repair expenses had the enjoyment of the thing held in indivision, his reimbursement shall be reduced in proportion to the value of the enjoyment.
In this case, the plaintiff introduced evidence of the amount of his property taxes, insurance costs and maintenance expenses. The record showed that plaintiff enjoyed exclusive occupancy of the marital home for 27 months from February 2003 through April 2005. Plaintiff testified that the value of his use and enjoyment of the home was approximately $2,000 per month.
Plaintiff argues that defendant is not entitled to an offset under Article 806 because she failed to produce probative evidence of the value of his enjoyment of occupancy. Plaintiff contends that as a dentist, he lacked sufficient expertise to give a reliable estimate of such value. However, we note the plaintiff testified that in addition to his dental practice, plaintiff owned commercial rental property which he leased. Thus, the testimony demonstrates that plaintiff's experience with leasing office space provided a basis for his estimate of the value of his enjoyment of the house. In addition, the record shows that the total taxes, insurance and maintenance costs paid by plaintiff were approximately $31,000 per year, or $2,600 per month. These expenses are consistent with the plaintiff's estimate of the value of his enjoyment of the property.
The evidence presented establishes that a reasonable value of the plaintiff's enjoyment of the co-owned property was $2,000 per month. Thus, pursuant to Article 806, plaintiff's reimbursement for taxes, insurance and maintenance expenses must be reduced by one-half of that amount, or $27,000 (27 months × $1,000). Applying the offset for the enjoyment value results in a reimbursement to plaintiff of $9,630. Consequently, the total reimbursement to plaintiff is $257,873, with an equalizing payment of $106,517 due to defendant. We shall amend the judgment accordingly.

*782 CONCLUSION
For the foregoing reasons, the trial court's judgment is amended to order plaintiff, Charles Sampognaro, to provide defendant, Patricia Sampognaro, with a written accounting in any month direct payments to third parties are deducted from the monthly child support obligation of $5,500. In addition, the judgment is amended to reduce the reimbursement to Charles Sampognaro to the amount of $257,873, and to order him to pay Patricia Sampognaro an equalizing payment of $106,517. In all other respects, the judgment is affirmed. Costs of this appeal are assessed equally to the parties.
AMENDED AND AFFIRMED AS AMENDED.

Per Curiam on Rehearing.
PER CURIAM.
The rehearing application in this case is granted for the limited purpose of clarifying this court's opinion as it pertains to the child support award. The "Supplemental Reasons for Judgment" demonstrated the trial court's intent to provide for an enforceable child support award by requiring the itemization in the judgment of the extraordinary expenses which plaintiff had ordinarily paid directly to third parties. Considering the trial court's intent, our original opinion indicated that any such expenses must be reasonably related to the itemized list. However, in order to make our opinion more explicit, we hereby further amend that part of the trial court judgment awarding child support as follows:
IT IS ORDERED that there be judgment herein ordering CHARLES MARION SAMPOGNARO, Petitioner, to pay child support in the total amount of Five Thousand Five Hundred and No/100 ($5,500.00) Dollars per month to PATRICIA CLOTILE WILSON SAMPOGNARO inclusive of and less all direct payments paid during the course of these proceedings or hereafter paid to third parties by Petitioner for the following extraordinary expenses of the children: child care, education tuition, school uniforms, tutoring and summer instructional or recreational camps, exclusively. Said child support payments to be made on the 25th day of each month beginning January 25, 2006.
In all other respects, our opinion on original hearing remains in full force and effect and the rehearing application is otherwise denied.
LIMITED REHEARING GRANTED; JUDGMENT AMENDED AND AFFIRMED AS AMENDED.
BROWN, C.J., concurs but would grant rehearing on other issues.
SEXTON, J., concurs, but would grant a rehearing.
NOTES
[1] In resolving co-ownership issues which are not precisely addressed in the specific code articles for co-ownership, courts will refer to the principles in the law regarding ownership, successions, and partnership. Moody v. Arabie, 498 So.2d 1081 (La.1986). Although Article 804 does not directly address this situation where the co-owners have consented to the improvement, reimbursement to the co-owner is analogous to the partnership principle reflected in LSA-C.C. art. 2803, which provides for restoring a partner's contribution to capital according to the contribution made.