STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-173

ANNA NICOLE HANKS TRAHAN

VERSUS

MITCHELL LEE TRAHAN

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-4821
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and
Marc T. Amy, Judges.

REVERSED AND REMANDED.

Henry R. Liles
Attorney at Law
940 Ryan Street
Lake Charles, LA 70601
(337) 433-8529
COUNSEL FOR PLAINTIFF/APPELLEE:
    Anna Nicole Hanks Trahan

**Evelyn M. Oubre**
**Attorney at Law**
**522 Clarence Street**
**Lake Charles, LA 70601**
**(337) 436-0337**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Mitchell Lee Trahan**

**DECUIR, Judge.**

Mitchell Trahan petitioned the court to nullify a community property partition on the grounds of lesion. The trial court rejected the petition and rendered judgment in favor of Trahan's former wife, Anna Hanks Trahan. In reviewing the trial court's decision, we quote its reasons for judgment:

> The Court has reviewed all of the cases submitted by counsel for the parties, as well as other jurisprudence. The Court finds that the "Joint Stipulation" submitted to the Court for its approval on October 11, 2007, complied with the requirements of *La. C.C. Art. 2329.* Further, the parties acknowledged and recognized the Court's judgment terminating their community property regime. Accordingly, the judgment of October 11, 2007 is a valid judgment terminating the parties' community regime retroactive to August 29[,] 2007.

> The parties also executed a "Community Property Partition" agreement which was submitted to the Court for its approval on October 15[,] 2007. Mr. Trahan argues this partition should be rescinded for lesion. An extrajudicial partition may be rescinded on account of lesion. *La. Civ. C. Art. 814.* However, a compromise may not be attacked on the basis of lesion. *La. Civ.C. Art. 3082.* At the time the partition agreement was presented to the Court, the parties had terminated their community property regime and sought to settle the community existing between them. In Mrs. Trahan's petition for divorce, she alleged that community property existed between the parties and reserved her right to seek the partition of their community property at a later date. Although the partition had not been set for trial, the parties submitted stipulations regarding the partition of their community property. The Court adopted the partition agreement and made it a judgment of the Court. The Court finds that when it rendered judgment on the partition, the partition became a judicial partition, which was not subject to being set aside for lesion. In addition, the Court notes that the parties entered into the community property partition agreement through mutual consent settling and distributing the assets and debts of the community.

> For the foregoing reasons, the Court finds that the parties' "Community Property Partition" is not subject to attack based on lesion.

We find error in the trial court's judgment. The joint stipulation and attached community property partition were properly signed, witnessed, and notarized, and Mr. Trahan specifically waived his right to have the documents reviewed by counsel. Nevertheless, the requirements of La.Civ.Code art. 2329

were not fulfilled. The statute contains the following pertinent language: "Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and **a finding by the court that this serves their best interests and that they understand the governing principles and rules.**" (Emphasis added.)

Louisiana jurisprudence consistently holds that an agreement entered into by the parties for the purpose of settling their community property partition suit is a transaction or compromise and cannot be attacked on the basis of lesion. *Dornier v. Live Oak Arabians, Inc.*, 602 So.2d 743, 747-748 (La.App. 1 Cir.), *writ denied*, 608 So.2d 177 (La.1992). More specifically, the actual partition in this case was adopted and made the judgment of the court. "Once this was accomplished, the partition became a judicial partition not subject to being set aside on account of lesion under Louisiana Civil Code article 814. Our conclusion on this point finds support in this court's decision in *Lapeyrouse v. Lapeyrouse*, 98-0271 (La.App. 1st Cir.2/19/99), 729 So.2d 682." *Junca v. Junca*, 98-1723, p. 6 (La.App. 1 Cir. 12/28/99), 747 So.2d 767, 770, *writ denied*, 00-1120 (La. 6/2/00), 763 So.2d 601.

These cases presuppose, however, that the requirements of Article 2329 have been met, and that a trial court has found that a party's agreement serves his best interests and he understands the governing law. In the instant case, Mr. Trahan was not represented by counsel, and he made no certification to the trial court that he thought this agreement was in his best interest and was aware of the governing laws. In *Matter of Boyer*, 616 So.2d 730, 732 (La.App. 1 Cir.), *writ denied*, 620 So.2d 882 (La.1993), the first circuit explained:

> Clearly, article 2329 imposes certain procedural limitations on the spouse's ability to implement a contract for the termination of the legal regime during their marriage. The trial court must be satisfied that the spouses both agree to the change, that the spouses understand the rules and principles underlying a change in the matrimonial

2

regime, and that the agreement appears to serve the best interest of the spouses.

This court has held similarly in *Williams v. Williams*, 99-1101 (La.App. 3 Cir. 4/12/00), 760 So.2d 469, *writ denied*, 00-1929 (La. 10/27/00), 772 So.2d 123, and *Poirer v.Poirer*, 626 So.2d 868 (La.App. 3 Cir. 1993), *writ denied*, 94-161 (La. 3/11/94), 634 So.2d 389.

We point out, however, that the law provides no procedural instruction as to how a trial court should ascertain the best interests of the parties or their knowledge of governing principles and rules. As discussed in Katherine S. Spaht & Richard D. Moreno, "Louisiana Civil law Treatise, Matrimonial Regimes (3d ed. 2007 & Supp. 2012)" § 8.6, "Nothing is said about the proof or the form that the court's finding will take or how it must be expressed." It is clear that a hearing is not required. *Boyer*, 616 So.2d 730. Nor is it necessary for the parties to be questioned or even present. *Lapeyrouse*, 729 So.2d 682. In this particular case, however, Mr. Trahan was not represented by counsel, made no appearance in court, and made no certification or indication to the court that he understood the governing principles and was acting in his own best interest. Similarly, the trial court's judgment does not include a finding of the parties' understanding of the governing principles or a finding that their best interests have been served. Under these facts, we find the statutory requirements have not been fulfilled.

The judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings on the merits. Costs of the appeal are assessed to Anna Hanks Trahan.

**REVERSED AND REMANDED.**