Judgment rendered August 9, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,228-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ROY LEE PETERSON                                    Plaintiff-Appellee

versus

ELAINE KIRKENDOLL                                   Defendant-Appellant
PETERSON

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 631,838

Honorable Brady D. O'Callaghan, Judge

* * * * *

SMITH & NWOKORIE                                    Counsel for Appellant
By:  Brian G. Smith

AYRES, SHELTON, WILLIAMS,                           Counsel for Appellee
BENSON & PAINE, LLC
By:  Curtis Ray Shelton

* * * * *

Before STONE, STEPHENS, and ROBINSON, JJ.

STEPHENS, J., concurs in the result.

ROBINSON, J., concurs with written reasons.

**STONE, J.**

This civil appeal arises from the First Judicial District Court, the Honorable Brady O'Callaghan, presiding. The appellant, Elaine Kirkendoll Peterson, ("Elaine"), appeals the motion for summary judgment granted in favor of appellee, Roy Lee Peterson ("Roy") awarding him $148,584.53 as reimbursement for mortgage payments. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On October 24, 2008, Roy and Elaine Peterson,[1] as unmarried co-owners, purchased a property located in Caddo Parish, Louisiana. The purchase price of the property was $279,000.00. The parties made a down payment of $3,634.00,[2] and executed a note and mortgage with National City Bank (which was later acquired by PNC Bank) to finance the remaining balance of $275,366. The total monthly installment of $2,149. 69, was itemized as follows: (1) $1,606.97 towards principal and interest, and (2) $542.72 towards escrow for insurance and property tax. The monthly installments were payable on the first day of each month beginning December 1, 2008 until November 1, 2038 (the maturity date).

On July 29, 2021, Roy filed a petition against Elaine seeking reimbursement for mortgage payments he made on the co-owned property. He claimed that he made all the monthly payments from February 2010 to the date the petition was filed (July 2021) using his separate funds. On August 12, 2021, Elaine filed a pro se answer. She admitted that they co-

---

[1] The parties were previously married and their former community was terminated before they bought the property at issue.

[2] It is unknown as to which party placed the larger down payment or if it was a joint effort.

owned the property and were not married at the time of the purchase. Elaine alleged fraud and further alleged that Roy denied her access to the home when he forced her out of the home in August 2011. She urged that Roy has had exclusive use of the home since he unlawfully evicted her.

On January 12, 2022, Roy filed a motion for summary judgment urging that there were no genuine issues of material fact in dispute because Elaine had not pleaded a viable affirmative defense nor filed a reconventional demand,[3] and that he should be subrogated to the rights of PNC Bank under the mortgage. Attached to the motion for summary judgment were the cash sale deed, detailed records of Roy's payments from his Willis Knighton Credit Union account, and an affidavit regarding the aforementioned facts. The Willis Knighton Credit Union account reflected that Roy made the payments to PNC Bank from January 2013 through December 2021 totaling $238,775.43, and that he would make the January 2022 payment. He asserted that he is the only one that has paid the note and mortgage from February 2010 to present despite not having any documentation or record of his payments for the period of February 2010 through December 2012.

Roy asserted that he made the monthly $1,606.97 payments over 35 months, which totaled $56,243.95 and paid the property taxes of $4,026.57 over the 35 months, totaling $12,079.71. However, because Roy did not have evidence for the money he paid towards the insurance during 2010 through 2012, he was not seeking reimbursement nor subrogation. The total

---

[3] There are several motions to continue filed on behalf of Elaine as well as a change in counsel. However, neither attorneys filed an amended answer, supplemental answer, or reconventional demand.

that Roy has paid in principal, interest, property taxes, and insurance is $309,248.78. He urged that through subrogation, he was entitled to recover from Elaine one half of the amounts paid and future payments because Elaine and he were obligated to PNC Bank.

On April 25, 2022, Elaine filed an opposition to the motion for summary judgment and her own affidavit.[4] She admitted: (1) the date the parties purchased the property; (2) the cost of the property, (3) the amount of the down payment; and (4) that they both executed a note and mortgage to finance the remaining balance. Elaine asserted that they remarried in December 2008 and divorced on May 10, 2012. However, before the divorce Elaine contended that she made the monthly payments out of her separate funds from October 2008 until February 2010. Also, Elaine argued that she was entitled to reimbursement because of the loss of enjoyment of the home when Roy forced her out in August 2011. She urged that there needs to be a partition.

On May 9, 2022, the trial court held a hearing on the motion for summary judgment. The trial court granted Roy's motion for summary judgment ordering Elaine to reimburse him $148,584.53 and allowed him to be subrogated to the rights of PNC Bank. Roy withdrew the claim for the $12,079.71 reimbursement from the calculation regarding the taxes and insurance. Elaine now appeals.

## DISCUSSION

Elaine argues that Roy's only available remedy is an action for partition because they are co-owners of the property. She further asserts

---

[4] There was an issue of whether it was timely but the court allowed it.

3

only then Roy can be subrogated to the obligee's rights (PNC Bank) and that summary judgment is the wrong procedural mechanism. Elaine contends that the note that both parties signed does not create liability *in solido.* She also argues there is a genuine issue of material fact because Roy had the exclusive use of the house since 2011, and she is entitled to an offset which can only be determined by partition.

Roy points out that it is undisputed that the parties purchased the property as co-owners and both parties signed and executed a note and mortgage to finance the $275,366 balance. He argues that Elaine and he are obligated *in solido.* Roy contends that he made all the payments on the note and mortgage from February 2010 to 2022 although both parties were obligated individually to pay the full balance of the note and all amounts owed under the mortgage which totaled $297,169.07 by January 2022. He asserts that he can be subrogated in the place of the bank against Elaine for the amounts that he paid. Roy urges that Elaine's virile portion of the note and mortgage debt is one-half of the amounts paid by him.

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bess v. Graphic Packaging Int'l, Inc.*, 54,111 (La. App. 2 Cir. 11/17/21), 331 So. 3d 490. We view the record and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764; *Coleman v.*

4

*Lowery Carnival Co.*, 53,467 (La. App. 2 Cir. 4/22/20), 295 So. 3d 427, *writ denied*, 20-00594 (La. 9/23/20), 301 So. 3d 1179. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So. 3d 1002. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874; *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876, *cert. denied*, 574 U.S. 869, 135 S. Ct. 197, 190 L.Ed. 2d 130 (2014); *Bess*, *supra*. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Bess*, *supra; Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230.

La. C.C.P. art. 966(D)(1) allocates the burden of proof on a motion for summary judgment as follows:

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Furthermore, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2).

We begin with the parties' respective ownership interests in the house. Because the parties were not married when they signed the promissory note and mortgage, the division of the property is governed by Louisiana Civil Code provisions governing ownership in division. La. C.C. art. 797 provides ownership of the same thing by two or more persons is ownership in division. In the absence of other provisions of law or juridical act, the shares of all co-owners are presumed to be equal. *Id.* No one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act. La. C.C. art. 807. Any co-owner has a right to demand partition of a thing held in indivision. *Id.* Partition of property may be made either nonjudicially or judicially. La. C.C.P. art. 4601. Partition may be excluded by agreement up to fifteen years, or for such other period as provided in La. R.S 9:1702 or other specific law. *Id.*

6

The mode of partition may be determined by agreement of all the co-owners, in the absence of which a co-owner may demand judicial partition. La. C.C. art. 809.

The law is settled under La. C.C. art. 806, a co-owner who on account of the thing held in division has incurred necessary expenses or maintenance and management expenses is entitled to reimbursement from the other co-owners in proportion to their shares. If the co-owner who incurred the expenses had the enjoyment of the thing held in division, his reimbursement shall be reduced in proportion to the value of the enjoyment. *Id*. However, a mortgage is not such an expense; it is a nonpossessory right created over property to secure the performance of an obligation. La. C.C. art. 3278. A review of case law reveals when dealing with co-ownership every case begins with the filing of a partition. The following cases illustrate the trial court's error in awarding Roy reimbursement for mortgage payments without a partition.

In *Fairbanks Dev., LLC v. Johnson*, 53,427 (La. App. 2 Cir. 4/22/20), 295 So. 3d 1279, *writ granted*,20-01031 (La. 12/8/20), 305 So. 3d 865, and *aff'd*, 20-01031 (La. 9/30/21), 330 So. 3d 183, a couple purchased a home with the girlfriend's separate funds, with no contribution from the boyfriend. Both parties signed the deed and eventually married. The wife sold all of her right, title, and interest including but not limited to an undivided one-half interest in the property to Fairbanks Development. Fairbanks filed a suit for partition by licitation against the co-owners. The trial court ordered that the property should be partitioned by licitation. This court, and the Louisiana Supreme Court affirmed the trial court's ruling that the property required partition by licitation and not in kind.

7

In *Olson v. Olson,* 48,968 (La. App. 2 Cir. 4/23/14), 139 So. 3d 539, *writ granted*, 14-1063 (La. 10/3/14), 149 So. 3d 275, and *writ denied as improvidently granted*, 14-1063 (La. 1/28/15), 159 So. 3d 448, a married couple with a separate property agreement used the wife's separate funds to purchase two condominium units, with no contribution from the husband. In 2011, the wife filed a petition for divorce and for partition of co-owned property. The trial court held a hearing on the partition and ordered partition in kind of the co-owned condominium units. We reversed and remanded to have the trial court order a partition by licitation of the co-owned condominium units.

In *Sampognaro v. Sampognaro*, 41,664 (La. App. 2 Cir. 2/14/07), 952 So. 2d 775, *decision clarified on reh'g*, 41,664 (La App. 2 Cir. 4/11/07), *writ denied*, 07-937 (La. 6/22/07), 959 So. 2d 500, a married couple established a separate property regime rather than community. The husband donated to the wife an undivided one-half ownership interest in a tract of land on which the martial home was built. The couple was eventually divorced, and the husband filed a partition seeking reimbursement for funds he spent on the co-owned land. The trial court held a hearing on the partition issue, and partitioned the co-owned property. It allocated 100% ownership of the tract to the ex-husband, subject to the outstanding mortgage debt, and finding that the value of the wife's one- half interest in the property was subject to reimbursement in a certain amount owed to the ex-husband. This court held that the ex-husband was entitled to recover one-half of mortgage payments on the co-owned land.

In *Cahill v. Kerins*, 34,552 (La. App. 2 Cir. 4/4/01), 784 So. 2d 685, a boyfriend donated to his girlfriend an undivided one-half interest in his

home to his girlfriend. They were co-mortgagors on the home since 1996. The relationship dissolved, and the girlfriend filed a petition for partition of jointly owned property (the home). She sought partition by licitation, and the boyfriend answered seeking partition in kind. The trial court held a hearing on the matter and ordered partition by licitation. This court affirmed that the home should be partition by licitation.

In *Benoit v. Benoit*, 11-0376 (La. App. 1 Cir. 3/8/12), 91 So. 3d 1015, *writ denied*, 12-1265 (La. 9/28/12), 98 So. 3d 838, this couple remarried each for a second time. The couple divorced, and the trial court held a hearing on the partition of community property. Both parties appealed for separate reasons, and admitted at the partition proceeding that the property in dispute was purchased ten days prior to the second marriage. The parties did not dispute that based on this evidence, that the home was not community property, but rather, was co-owned property held by the parties in division. The court determined that there needed to be a partition by licitation or by private sale, and the proceeds should be distributed to the co-owners in proportion to their shares.

In *Slimp v. Sartisky*, 11-1677 (La. App. 4 Cir. 9/17/12), 100 So. 3d 901, *amended on reh'g in part*, 11-1677 (La. App. 4 Cir. 10/11/12), *writ denied*, 12-2430 (La. 1/11/13), 107 So. 3d 616, an unmarried couple purchased a home together. The man contributed more money than the woman. When the relationship ended, the man wanted the woman's interest in the home so he filed a partition. The house was partitioned, and the trial court found that each party was a one-half owner of the home. The court reallocated reimbursements here because of the filing of partition and other waivers the parties executed between them.

9

In this case *sub judice,* there are several genuine issues of material fact. Elaine is correct that this matter procedurally must begin with a partition. It is undisputed that the parties signed the promissory note as co-owners before the remarriage. However, the record is bereft of the filing of a partition which would allow the court to render a judgment that is just, legal, and proper. The record is also devoid of an agreement between Roy and Elaine not to partition the property pursuant to La. C.C.P. art. 4601. Roy fails to provide any law or jurisprudence that would allow him to be subrogated in the place of the bank for reimbursement without a partition (specifically partition by licitation). The law does not provide for the result reached by the trial court in this matter. The lack of a partition creates a genuine issue of material fact.

Additionally, the remaining genuine issues of material fact that would allow the court to render a just, legal, and proper outcome include: (1) the date of the filing of divorce for the remarriage; (2) whether either party made a request for the possession and use occupancy of the home; (3) if so, whether a contradictory hearing was conducted on the issue of use and occupancy of the family home; (4) the date of the termination of the marital community property regime; (5) whether the parties entered into a prenuptial agreement and established a separate property regime; (6) whether the funds utilized to pay the note during the second marriage from December 2008 until May 10, 2012 were funds earned during the marriage; and (7) an appraisal of the home.

Accordingly, we find the trial court erred in granting the motion for summary judgment. Because the trial court failed to follow the procedure outlined in the code of civil procedure, it prematurely determined the

10

amounts of reimbursements. Therefore, in the interest of justice, we remand the matter to the trial court for a more complete development of the record and consideration of this issue in accordance with the views expressed herein.

## CONCLUSION

For the reasons stated above, the motion for summary judgment is hereby reversed, and the matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to appellee, Roy Peterson.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS**

**ROBINSON, J., concurs.**

I concur in the result. Ms. Peterson pled the affirmative defense of Mr. Peterson's exclusive use of the property in her original answer and further addressed this in her affidavit in opposition to the motion for summary judgment.  I am of the opinion that this creates a genuine issue of material fact and would preclude summary judgment.